# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

LISA MARIE BERNARDUCCI,      )
                                        )
       Plaintiff,             )
                                          )
       v.                  )          CAUSE NO.: 1:18-CV-38-TLS
                                          )
NANCY A. BERRYHILL,        )
Acting Commissioner of Social Security,  )
                                          )
       Defendant.          )

## OPINION AND ORDER

Plaintiff Lisa Marie Bernarducci seeks review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits. The Plaintiff claims that the Administrative Law Judge (ALJ) incorrectly considered evidence related to the Plaintiff's fibromyalgia, obstructive sleep apnea, and obesity in assessing the Plaintiff's Residual Functional Capacity (RFC). The Plaintiff also argues that the ALJ overemphasized the Plaintiff's daily activities in the determination of whether the Plaintiff was disabled.

## THE ALJ'S DECISION

The Plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act on August 21, 2014, and supplemental security income benefits under Title XVI of the Act on October 13, 2014. (R. at 19, ECF No. 11.) She alleged disability beginning on January 1, 2011. (*Id.*) After her claim was denied initially, as well as upon reconsideration, the Plaintiff requested a hearing before an ALJ. (*Id.*) The Plaintiff, who was represented by a non-attorney representative, participated in a hearing before the ALJ on August 22, 2016. (*Id.*) A

vocational expert, Scott B. Silver, also appeared at the hearing. On December 16, 2016, the ALJ

issued a written decision applying the five-step sequential evaluation process. *See* 20 C.F.R. §§

404.1520(a), 416.920(a). (R 20.)

Disability is defined as the "inability to engage in any substantial gainful activity by

reason of any medically determinable physical or mental impairment which can be expected to

result in death or which has lasted or can be expected to last for a continuous period of not less

than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To be found disabled, a claimant

must demonstrate that her physical or mental limitations prevent her from doing not only her

previous work, but also any other kind of gainful employment that exists in the national

economy, considering her age, education, and work experience. §§ 423(d)(2)(A), 1382c(a)(3)(B).

An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits. 20

C.F.R. §§ 404.1520 and 416.920. The first step is to determine whether the claimant no longer

engages in substantial gainful activity (SGA). *Id.* In the case at hand, the ALJ found that the

Plaintiff had not engaged in substantial gainful activity (SGA) since January 1, 2011, the alleged

onset date. (R. 21.)

In step two, the ALJ determines whether the claimant has a severe impairment limiting

the ability to do basic work activities pursuant to § 404.1520(c) and 416.920(c). Here, the ALJ

determined that the Plaintiff's impairments—including right degenerative osteoarthritis in the

lateral cuneiform cuboid joint; right mid-foot primary osteoarthritis; left plantar fasciitis; right

pes planus and peroneal tendinitis; obesity; cervical degenerative disc disease

(DDD)/spondylosis; fibromyalgia, occipital neuralgia and myalgia/myositis—were severe

impairments because they significantly limited the Plaintiff's ability to perform basic work

activities. (R. 21–22.) The ALJ determined that the Plaintiff's obstructive sleep apnea (OSA), vision problems, hypertension, and cubital/carpal tunnel syndrome did not give rise to the level of severe impairments. (R. 22.)

Step three requires the ALJ to "consider the medical severity of [the] impairment" to determine whether the impairment "meets or equals one of [the] listings in appendix 1 . . . ." § 404.1520(a)(4)(iii); § 416.920(a)(4)(iii). If a claimant's impairment(s), considered singly or in combination with other impairments, rises to this level, she earns a presumption of disability "without considering her age, education, and work experience." § 404.1520(d); § 416.920(d). But, if the impairment(s), either singly or in combination, falls short, an ALJ must move to step four and examine the claimant's RFC—the types of things she can still do physically, despite her limitations—to determine whether she can perform this "past relevant work," § 404.1520(a)(4)(iv) and § 416.920(a)(4)(iv), or whether the claimant can "make an adjustment to other work" given the claimant's "age, education, and work experience," § 404.1520(a)(4)(v) and § 416.920(a)(4)(v).

In the instant case, upon review of the medical evidence, the ALJ concluded at step three that the Plaintiff's impairments, either singly or in combination, do not meet or equal any of the listings in Appendix 1 (R. 24), and, at step four, that the Plaintiff has the RFC to perform light work, as defined by § 404.1567(b) and 416.967(b),

> except: prior to July 2013, the claimant was limited to lifting, carrying, pushing and pulling 10 pounds frequently 20 pounds occasionally. The claimants could sit at least six hours in an eight-hour workday, and stand and/or walk six hours in an eight-hour workday. The claimant could not climb ropes, ladders, or scaffolds, but could occasionally kneel, crouch, crawl, balance, could occasionally bend and stoop in addition to what is required to sit, and could occasionally use ramps and stairs. Aside from the use of ramps and stairs on an occasional basis, the claimant could not work upon uneven surfaces. The claimant would need to avoid work

within close proximity to very loud noises such as a fire alarm or very bright flashing lights such as a strobe more than occasionally, and need to alternate postural positions every 20 minutes. Since July 2013, the claimant had all the above but is also limited to standing and/or waiting two hours in an eight-hour workday.

(R. 25.)

At the final step of the evaluation, the ALJ determined that the Plaintiff is not disabled because the Plaintiff is capable of performing past relevant work consistent with the Plaintiff's RFC. (R. 33–34.)

The Plaintiff sought review of the ALJ's decision by the Appeals Council. (R. 1.) The Appeals Council subsequently denied review (R. 1), making the ALJ's decision the final decision of the Commissioner. *Liskowitz v. Astrue*, 559 F.3d 736, 739 (7th Cir. 2009). The Plaintiff now seeks judicial review under 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

A claimant is disabled only if she shows an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). She has the burden of proving disability. *See* 42 U.S.C. § 423(d)(5)(A). She must establish that her physical or mental impairments "are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

A court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotations omitted). It must be "more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). Even if "reasonable minds could differ" about the disability status of the claimant, the court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (quotations omitted).

It is the duty of the ALJ to weigh the evidence, resolve material conflicts, make independent findings of fact, and dispose of the case accordingly. *Perales*, 402 U.S. at 399–400. In this substantial-evidence determination, the court considers the entire administrative record but does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute the court's own judgment for that of the Commissioner. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). Nevertheless, the court conducts a "critical review of the evidence" before affirming the Commissioner's decision, and the decision cannot stand if it lacks evidentiary support or an inadequate discussion of the issues. *Id* (quotations omitted)*.* The ALJ is not required to address every piece of evidence or testimony presented, but the ALJ must provide a "logical bridge" between the evidence and the conclusions. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). If the Commissioner commits an error of law, remand is warranted without regard to the volume of evidence in support of the factual findings. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997).

**ANALYSIS**

The Plaintiff argues, in part, that the ALJ's RFC assessment is erroneous because the ALJ

failed to properly weigh evidence of the Plaintiff's fibromyalgia. Specifically, the Plaintiff

contends that ALJ did not consider Drs. Anil Rao's and Harish Ardeshna's treatment notes from

2016 demonstrating Plaintiff's fibromyalgia-related impairments.

In step two, the ALJ examined evidence related to the Plaintiff's fibromyalgia. (R. 22.)

The ALJ specifically noted that the Plaintiff exhibited 18 out of 18 possible tender points on

examination (R. 22) and thus, the ALJ determined that the Plaintiff had a severe impairment of

fibromyalgia because the condition "result[s] in more than mild limitation in functioning;

therefore, th[is] condition[] [is] severe." (*Id.*) The ALJ based this fibromyalgia-related finding in

step two by relying on Drs. Rao's and Ardeshna's 2016 treatment notes. (R. 22, 755–758, 759–

762, 767–769.)

On the contrary, for the RFC assessment in step four, the ALJ cited the same treatment

notes from Drs. Rao and Ardeshna that the ALJ relied upon in step two, but the ALJ found that

there was no evidence to support a finding of a medically determinable impairment of

fibromyalgia. (R. 30.) The ALJ wrote: "[F]indings for . . . fibromyalgia . . . did not support such

as enduring with severe symptoms for 12-months despite treatment, and in the case of

fibromyalgia, the evidence did not reasonably support a medically determinable impairment." (R.

30 (citing solely to Dr. Rao's and Ardeshna's treatment notes in support).)

Although the standard the ALJ applies for determining a severe impairment under step

two is distinct from the review the ALJ conducts for assessing a claimant's RFC under step four,

the Court is nevertheless unable to reconcile the ALJ's findings with respect to fibromyalgia in steps two and four. The Court is unable to decipher how the same evidence of fibromyalgia that the ALJ deemed sufficient to find a medically determinable severe impairment for step two was deemed by the ALJ to be insufficient to demonstrate a medically determinable impairment in step four. In other words, the Court cannot ascertain how at step two, the ALJ held that fibromyalgia "result[s] in more than mild limitation in functioning; therefore, th[is] condition[] [is] severe," while in step four, the ALJ held that "in the case of fibromyalgia, the evidence did not reasonably support a medically determinable impairment." (R. 22, 30.)

The ALJ must provide a "logical bridge" between the evidence and his conclusions. *Terry*, 580 F.3d at 475. Here, the ALJ relied upon the same evidence for his fibromyalgia-based conclusions at step two and step four, but the ALJ did not explain why this evidence led him to conclude that the Plaintiff's fibromyalgia was severe, but not restrictive of the Plaintiff's ability to perform work. As stated above, the ALJ cited to Drs. Rao's and Ardeshna's treatment notes from 2016 in step two to find that the Plaintiff suffered from a severe impairment for fibromyalgia. (R. 21–22.) Specially, the ALJ cited to an examination that revealed 18 out of 18 total tender points. (R. 22.) Unexplainedly, the ALJ determined that the same treatment notes did not support a finding of a medically determinable fibromyalgia impairment for the RFC assessment at step four. The ALJ provided no explanation for how he discounted the examination concluding that the Plaintiff exhibited 18 out of 18 total possible tender points for the purposes of determining the Plaintiff's RFC.

Moreover, in step four, the ALJ found that the Plaintiff's evidence of fibromyalgia "did not support" "enduring . . . severe symptoms for 12-months." (R. 30.)  The ALJ at step two,

however, must have found that the fibromyalgia symptoms endured for at least 12 months in order to conclude that the fibromyalgia impairment to be severe because an "impairment is 'severe' for purposes of step two if it imposes significant, work-related functional limitations and has lasted or is expected to last for a *continuous period of at least 12 months*." 20 C.F.R. §§ 404.1509, .1520(c), 416.909, .920(c)." (Gov't Mem. at 13 n.3., ECF No. 21 (emphasis added).) It is inconsistent that the ALJ on one hand found that the evidence (Drs. Rao's and Ardeshna's treatment notes) of fibromyalgia did not warrant a finding of a severe impairment at step four because the evidence did not demonstrate symptoms lasting for at least 12 months, but on the other hand, the ALJ found the same evidence (Drs. Rao's and Ardeshna's treatment notes) of fibromyalgia to support a finding of a severe impairment at step two—a result necessarily predicated on the ALJ first finding that the fibromyalgia symptoms lasted for at least 12 months.

Remand is necessary in this case as the Court finds these inconsistencies to indicate that the ALJ did not properly consider the evidence of fibromyalgia found in Drs. Rao's and Ardeshna's treatment notes. As a result of the inconsistencies highlighted above, this Court is not able to "trace the path of [the ALJ's] reasoning and to be assured that the ALJ properly considered the evidence." *Boyer v. Commissioner of Soc. Sec.*, No. 4:13-CV-45, 2014 WL 4639512, at *5 (N.D. Ind. Sept. 16, 2014) (internal citations omitted). The Court is unable to decipher in this case how the ALJ reasoned that the same evidence that could be used to find a severe impairment for fibromyalgia at step two, could later be discounted in the process of finding no medically determinable impairment for fibromyalgia for the RFC assessment.

On remand, if the ALJ finds fibromyalgia to be a severe impairment for step two based on the evidence of Drs. Rao's and Ardeshna's treatments notes but not a medically determinable

impairment for the RFC assessment in step four, then the ALJ must explicitly account for this seeming inconsistency. Because the Court is remanding on this issue, the Court need not consider the remainder of the parties' arguments.

## CONCLUSION

Accordingly, the Court REVERSES and REMANDS this case for further proceedings in accordance with this Opinion and Order.

SO ORDERED on March 13, 2019.

 s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
