**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

LISA MARIE BERNARDUCCI,

Plaintiff,

v.

ANDREW M. SAUL, Commissioner of the
Social Security Administration,

Defendant.

CAUSE NO.: 1:18-CV-38-TLS-JPK

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Attorney's Motion for an Award of

Attorney Fees Under 42 U.S.C. § 406(b) [ECF No. 32]. The Plaintiff's attorney requests attorney

fees in the net amount of $8,381.81 pursuant to 42 U.S.C. § 406(b). The Defendant filed a

Response [ECF No. 33] indicating that he does not support or oppose the Plaintiff's Motion. For

the reasons stated below, the Plaintiff's Motion is GRANTED.

**BACKGROUND**

The Plaintiff initiated this action for judicial review of the Commissioner of Social

Security's decision denying her application for disability insurance benefits. The Court granted

the Plaintiff's request, reversing and remanding for further proceedings. Mar. 13, 2019 Op. &

Order, ECF No. 23. Subsequently, the Court awarded $3,140.00 in attorney fees under the Equal

Access to Justice Act (EAJA), 28 U.S.C. § 2412. Jan. 2, 2020 Order, ECF No. 28.

On remand, the Social Security Administration issued a Notice of Award entitling the

Plaintiff to past-due disability insurance benefits of $63,869.00. *See* Important Information, ECF

No. 32-5. In the instant motion, the Plaintiff's attorney asks the Court to award attorney fees

pursuant to § 406(b) in the net amount of $2,969.00 based on the Plaintiff' award of past due

benefits. This amount is based on the retainer agreement between the Plaintiff and her attorney

[ECF No. 32-1], in which the Plaintiff agreed to pay her attorney twenty-five percent of all past-due benefits for work at the federal court level after deducting an EAJA fee and a fee awarded under 42 U.S.C. § 406(a). Fee Agreement ¶ 2(D), ECF No. 32-1. The requested net § 406(b) award of $2,969.00 is based on the twenty-five percent of past-due benefits of $15,967.25 from which is subtracted the total of $9,125.00 in § 406(a) fees paid to the Plaintiff's hearing representatives for work at the administrative level, the $3,140.00 EAJA fee, and a $733.25 correction by the Social Security Administration. *See* Pl.'s Mot. 2 n.1, ECF No. 32.

Also on remand, the Social Security Administration issued a Notice of Award entitling the Plaintiff's dependent to past-due disability insurance benefits of $23,135.25. *See* Notice of Change in Benefits, ECF No. 32-6. The Plaintiff's attorney requests a net § 406(b) award of $5,412.81 based on the dependent's award of past due benefits. This amount is likewise based on the retainer agreement between the Plaintiff and her attorney. The requested net award is based on the twenty-five percent of past due dependent benefits of $5,783.81 from which is subtracted a $371.00 correction by the Social Security Administration. *See* Pl.'s Mot. 4 n.3.

## ANALYSIS

The Plaintiff's counsel requests a total net payment of $8,381.81 in attorney fees pursuant to 42 U.S.C § 406(b). The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level under 42 U.S.C. § 406(a), as well as representation before the Court under 42 U.S.C § 406(b). *See Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the Court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. The reasonableness analysis considers the "character of the representation and the results the

2

representative achieved." *Gisbrecht*, 535 U.S. at 808. Reasons to reduce an award include an

attorney's unjustifiable delay or if the past-due benefits are large in comparison to the amount of

time an attorney has spent on a case. *Id.* In addition, an award of EAJA fees under 28 U.S.C.

§ 2412 offsets an award under § 406(b). *Id.* at 796.

In this case, the requested amount of attorney fees is consistent with the contingency

agreement. The proposed fee equals an effective hourly rate of approximately $734 for the total

requested § 406(b) fee award before subtraction of the EAJA fee. *See* Pl's Mot. 6 n.4 (reflecting

15.7 attorney hours). Such an hourly rate is reasonable given the contingent nature of this case.

*See, e.g.*, *Niebuhr v. Saul*, 18-CV-720, 2020 WL 6484488, at *1 (W.D. Wis. Nov. 4, 2020)

(effective hourly rate of $579); *Heise v. Colvin*, No. 14-CV-739, 2016 WL 7266741, at *2 (W.D.

Wis. Dec. 15, 2016) ("This results in an effective hourly rate of just over $1,100, appropriately

high to reflect the risk of non-recovery in social security cases . . . ."); *Koester v. Astrue*, 482 F.

Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have

awarded attorney fees with hourly rates ranging from $400 to $1,500). In addition, counsel

obtained a great benefit for the Plaintiff and the Plaintiff's dependent in the past-due benefits

awards.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Plaintiff's Attorney's Motion for an

Award of Attorney Fees Under 42 U.S.C. § 406(b) [ECF No. 32] and AWARDS attorney fees

under 42 U.S.C. § 406(b) in the total net amount of $8,381.81, which already accounts for the

offset of EAJA fees.

SO ORDERED on June 10, 2021.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT